# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS THOMPSON, | CASE NO. 1:09-cv-00687-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| KENNETH LOW, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I.    Screening Requirement

Plaintiff Curtis Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The action was filed on April 3, 2009, in the Eastern District of California.  An order to transfer to the Fresno Division was entered on April 17, 2009.  Plaintiff is currently incarcerated at the California Medical Facility, Vacaville, California.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.   Complaint Allegations

The incidents alleged in the complaint occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran, California. On June 9, 2006, Plaintiff was examined by Defendant Low for a spider bite on his penis. Defendant Low prescribed an antibiotic ointment which Plaintiff alleges he was never provided. On June 11, 2006, a registered nurse ("RN") examined the area, which was inflamed, and confirmed that it was a spider bite. The RN contacted Defendant Low, who approved antibiotic medication being issued. Plaintiff was given the antibiotics. (Doc. 1, Comp., § IV.)

At an unspecified time, Plaintiff alleges he requested that he be given the ointment prescribed by the doctor, but "[t]he MTA[]s each shift claimed there was no paperwork on [him] or the ointment." (Id.) Plaintiff alleges that the reason that MTAs were unable to find his paperwork is that the health care request form, CDC 7362, is to be a triplicate form. (Id.) The triplicate form is not always available and inmates are forced to use a photocopy of the form. Plaintiff claims "[t]his makes it possible for [California Department of Corrections and Rehabilitation ("CDCR")] staff to

1  discard convenient [sic] for CDC[R].  I feel this is the reason my medical records concerning the

2  ointment prescription and the spider bite have disappeared." (Id., p. 5.)

3      Plaintiff names Defendants Dr. Kenneth Low, MTA Racey, and CC2 Edmond.  He is seeking

4  financial compensation and "constant availability of triplicate CDC 7362 forms."  (Id., § V.)  For the

5  reasons stated below, Plaintiff has failed to state a cognizable claim.

6  **III.**   **Discussion**

7      **A.**   **Medical Care**

8      [T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

9  must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

10  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for

11  deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating

12  that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary

13  and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

14  indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991),

15  overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

16      Deliberate indifference is shown where there was "a purposeful act or failure to respond to

17  a prisoner's pain or possible medical need" and the indifference caused harm.  Jett, 439 F.3d at 1096.

18  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.

19  2004).  The prison official must be aware of facts from which he could make an inference that "a

20  substantial risk of serious harm exists" and he must make the inference.  Farmer v. Brennan, 511

21  U.S. 825, 837 (1994).

22      An allegation by a prisoner that a physician has been merely indifferent or negligent or has

23  committed medical malpractice in diagnosing or treating a medical condition does not state a

24  constitutional claim.  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi,

25  391 F.3d at 1057.  "Medical malpractice does not become a constitutional violation merely because

26  the victim is a prisoner."  Estelle, 429 U.S. at 106.

27      As stated in the complaint, Defendant Low examined Plaintiff and prescribed medication.

28  Plaintiff allegedly told unknown medical personnel that he needed the ointment prescribed by

Defendant Low and those unknown medical personnel failed to provide it.  The complaint does not set forth facts to indicate that Defendant Low knowingly acted or failed to respond to Plaintiff's medical needs.  Farmer, 511 U.S. at 837.  The facts as alleged fail to state a cognizable claim for relief.

**B.     Other Defendants**

In his complaint, Plaintiff names Defendants Racey and Edmond, but does not set forth any acts by these individuals.  To state a claim, Plaintiff must link the acts of Defendants to a potential violation of his constitutional rights.  Jones, 297 F.3d at 934.

**C.     Injunctive Relief**

Plaintiff requests an injunction requiring CDCR to ensure that triplicate CDC 7362 forms are always available.  The Prison Litigation Reform Act places limitations on injunctive relief.  Section 3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

Although Plaintiff alleges that he was denied proper medication due to the possible lack of a triplicate form 7362, Plaintiff's complaint does not state a cognizable claim arising out of the lack of the form.  In the absence of a viable claim based on the lack of the form, Plaintiff may not seek an injunction mandating the use of triplicate forms.[1]  18 U.S.C. § 3626(a)(1)(A); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *petition for cert. filed*, 79 U.S.L.W. 3007 (U.S. Jun. 22, 2010) (No. 09-1561).  Accordingly, Plaintiff's claim for injunctive relief is not cognizable.

**IV.     Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

---

[1] In addition, CDCR itself is immune from suit.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed April 3, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     October 26, 2010

UNITED STATES MAGISTRATE JUDGE

5